IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-354-FL

| | |
|---|---|
| SAMUEL WALLACE, MARK JONES, and JIMMY TAYLOR, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SGT. DARRYL EUGENE COULTER, SR., and TOWN OF SPRING LAKE, )<br>)<br>Defendants. ) | MEMORANDUM OPINION |

This matter came before the court this day at telephonic conference on plaintiffs' motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure (DE # 24), filed May 13, 2011. That motion was granted in part and denied in part. The court, in this memorandum opinion, memorializes basis for that decision.

Plaintiffs' motion sought to compel production of any and all documents regarding investigations conducted by the State Bureau of Investigation ("SBI") involving the Town of Spring Lake Police Department. As presented at conference, both sides had attempted to secure this information from the SBI, but had been unsuccessful. Counsel was informed by John Watters, legal counsel for the SBI, that some or all of the information sought had been turned over to D.W. Gray ("Gray"), counsel representing defendant Darryl Eugene Coulter, Sr. ("Coulter") in his state criminal case. Coulter's counsel in this civil case was unable to reach his criminal counterpart, however. Nevertheless, the parties do not question Watters' representation.

The parties agree that the SBI materials are relevant to this action and that the materials, or portions thereof, are in Coulter's possession, custody, or control. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a). Accordingly, they are properly the subject of a request for production, and production is properly compelled under Rule 37. Although counsel for defendant intimated that state law does not permit Coulter's criminal counsel to allow copying of the SBI materials turned over in criminal discovery, he did not cite any statute or case at conference. As such, the court granted the motion to compel to the extent plaintiffs sought production of materials in the possession of Coulter and Gray, allowing fifteen (15) days for compliance.*

The court declined to award attorney fees, although it informed plaintiffs' counsel that it would consider a motion for fees if defendants do not timely comply with this order, absent some showing of good cause. The court will not award attorneys' fees to a party prevailing on a motion to compel where the opposing party's nondisclosure was substantially justified or where other circumstances would render a fee award unjust. See Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). At this juncture, defendants' nondisclosure was substantially justified where the parties have been working together to get this information from the SBI and Gray, but were unable to do so. Additionally, the court finds that it would be unjust to award attorneys' fees where plaintiffs failed to heed the

---

* To the extent discovery materials exist within the custody of the SBI which Coulter is not in possession of, the court noted to the parties Rule 45 of the Federal Rules of Civil Procedure, providing, among other things, mecahnism for securing documents and materials in possession of a non-party. Plaintiffs' counsel appeared to suggest that the court could order the SBI to disclose the information, based solely on the motion to compel, under N.C. Gen. Stat. § 132-1.4. That statute, which counsel did not have in front of him at hearing, states only that "[r]ecords of criminal investigations . . . [and] records of criminal intelligence information compiled by public law enforcement agencies . . . are not public records as defined by [North Carolina's public records law] . . . [but] may be released by order of a court of competent jurisdiction." Id. § 132-1.4(a). The statute says nothing about abandoning the requirements of the Rules of Civil Procedure, including providing third parties from whom information is sought with certain protections. See Fed. R. Civ. P. 45(c). Simply put, a motion to compel directed at an opposing party is not the proper vehicle to induce production of materials by a non-party to the litigation.

requirement, set forth in the court's case management order, to convene a telephonic conference through the case manager before filing their motion to compel. The conference here was initiated by defendants, and only after the motion had been filed.

Finally, the court notes that plaintiffs' counsel requested an extension to his expert report deadline during conference. The court indicated its willingness to extend deadlines when necessary, but concluded that the request was not properly before it. The court reminded counsel of the requirements for a motion to continue or for extension of time set forth in the case management order, and directed the parties to confer with one another and submit a joint motion showing good cause and a proposed consent order extending deadlines as needed.

This the 27th day of May, 2011.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
Chief United States District Judge

3