IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00354-FL

| | |
|---|---|
| SAMUEL WALLACE, MARK JONES, and JIMMY TAYLOR, )<br>)<br>) | |
| Plaintiffs, )<br>) | |
| )<br>v. )<br>) | **ORDER TO PRODUCE DOCUMENTS AND PROTECTIVE ORDER** |
| SGT. ALFONZO WHITTINGTON, JR. and SGT. DARRYL EUGENE COULTER, SR., *individually and in their official capacities as officers of the Spring Lake Police Department*, and TOWN OF SPRING LAKE, )<br>)<br>)<br>)<br>)<br>) | |
| )<br>Defendant. ) | |

This matter is before the Court on Plaintiffs' motion requesting release of information pursuant to a protective order. [DE-32.] No response has been filed. On November 16, 2011, the undersigned held a telephonic hearing on the motion, which included Plaintiffs' and Defendants' counsel, as well as counsel for the State Bureau of Investigation ("SBI"). Accordingly, the matter is now ripe for decision.

On July 30, 2010, Plaintiffs filed this civil rights action, pursuant to 42 U.S.C. § 1983, against Sgt. Darryl Eugene Coulter, Sr. ("Coulter"), Sgt. Alfonzo Whittington, Jr.,[1] and the Town of Spring Lake (the "Town") alleging violations of Plaintiffs' constitutional rights that occurred on or about April 27, 2008. Plaintiffs also alleged that the Town was negligent in retention, hiring and supervision of Coulter. Finally, Plaintiffs alleged that Defendants committed an assault, battery, trespass, and false imprisonment against Plaintiffs.

---

[1] Sgt. Whittington was subsequently dismissed from this action on December 9, 2010.

The SBI conducted an investigation into the Town of Spring Lake Police Department, which resulted in Coulter being charged and arrested for felony breaking and entering, second degree kidnapping, felonious obstruction of justice, simple assault, assault by pointing a gun, false imprisonment and assault with a deadly weapon. The victims of these alleged criminal acts are the Plaintiffs in this matter. The criminal charges are pending in Cumberland County Superior Court, and the Town's police department was disbanded in 2009 and completely reformed. Plaintiffs contend that, as part of the investigation, the SBI obtained witness statements, including those of Plaintiffs, and other evidence of importance in this matter, including a history of negligent hiring, retention, and supervision of law enforcement by the Town.

Plaintiffs, by way of a subpoena, requested that the SBI produce the investigative file. Counsel for the SBI objected to the release of the material absent a protective order from this Court, because there are pending criminal charges against Coulter. In the present motion, Plaintiffs seek all information related to SBI investigations of the Town of Spring Lake Police Department for the last eight (8) years prior to the commencement of this action. During the telephonic hearing, counsel for the SBI objected to the scope of the request, arguing that it was overly broad, would include large amounts of irrelevant information, and that it should be limited to the SBI's investigative file on Coulter related to the incident at issue in this case. Plaintiffs' counsel countered that such information may be relevant to the claim against the Town for the negligent retention, hiring and supervision of Coulter.

Pursuant to North Carolina law, "[r]ecords of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information may be released by order of a court of competent jurisdiction." N.C. Gen. Stat. § 132-1.4(a); *See McDonald v.*

2

*Suggs*, No. 5:07-cv-339-D, 2009 WL 8647259, at *2-3 (E.D.N.C. Mar. 30, 2009) (recognizing that N.C. Gen. Stat. § 132-1.4(a) provides for the release of criminal investigative information by court order). However, the Court finds that the request is overly broad in seeking files regarding *any* SBI investigation of the Town of Spring Lake Police Department over the eight years prior to the commencement of this action. A more narrowly tailored approach is warranted here, where Plaintiff seeks potentially sensitive and non-public files that the State of North Carolina has seen fit to protect from disclosure absent a court order. Therefore, the Court will order the SBI to produce information regarding any SBI investigation of the Town of Spring Lake Police Department related to Defendant Coulter, including any investigation that may have relevance to Plaintiffs' claim of negligent hiring, retention and supervision of Coulter, over the eight (8) years prior to the commencement of this action. The Court finds this sufficient to provide Plaintiffs with information relevant to their claims, in conformity with the scope of discovery as provided by Rule 26(b) of the Federal Rules of Civil Procedure, while protecting potentially sensitive and irrelevant information from disclosure. To the extent the SBI requires guidance as to whether a particular file is within the scope of this Order, the undersigned will conduct an *in camera* review.

Accordingly, Plaintiffs' motion to release information pursuant to a protective order is **GRANTED** with the following restrictions:

(1) The SBI is ordered to release, as soon as practicable, to Plaintiffs' counsel information regarding any SBI investigation of the Town of Spring Lake Police Department related to Defendant Coulter, including any investigation that may have relevance to Plaintiffs' claim of negligent hiring, retention and supervision of Coulter, over the eight (8) years prior to the commencement of this action.

3

Case 5:10-cv-00354-FL   Document 34   Filed 11/17/11   Page 3 of 5

(2) The SBI shall notify counsel for Defendant when it makes the production to counsel for Plaintiff. Counsel for Plaintiff and Defendant shall make arrangements for Defendant to receive a copy of the production.

(3) Except as may be otherwise provided by further order of the Court, documents contained within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph three (3) below.

(4) Access to and the use of any documents, or any part thereof, of the SBI file shall be limited to:

a. The Court;

b. The parties and attorneys of record for the parties;

c. Court-appointed mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Courts reporters, their transcribers, assistants and employees;

f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case;

g. The jury; and

h. Plaintiffs' or Defendants' experts upon their execution of a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By singing the declaration agreeing to be bound by this Protective Order, each of the Plaintiffs' or

4

Defendants' experts submits himself to herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

(5) Individuals who are permitted access to the SBI materials pursuant to paragraph three (3) are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contain therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of the Protective Order. The records shall not be further copied in any manner without permission of the Court, and all original and allowed copies thereof shall be returned to the State Bureau of Investigation at the conclusion of this action with a certification that no other copies exist and that all copies have be duly and returned in compliance with this Order.

(6) At the conclusion of this litigation, each document produced by the SBI and subject to this Protective Order shall be returned to the SBI.

(7) Counsel for Plaintiff shall serve a copy of this Order on Counsel for the SBI.

This the 16th day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge